## Catching *v.* Bowden.

*Motion to Quash Summary Execution.*

1. *Forfeiture of claim bond; summary execution against sureties.*—A claim bond must be returned forfeited by the constable, or other levying officer, before a summary execution can be regularly issued against the sureties (Code, §§ 3008, 3368); and without such return, the justice of the peace, before whom the claim was interposed, has no authority to enter a forfeiture.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. JAS. R. DOWDELL.

This was a motion to quash a summary execution issued by a justice of the peace, against N. S. Catching and others, his sureties, on a claim bond signed by them, conditioned in the words of the statute. A. T. Borden, the appellee, had obtained a judgment before a justice of the peace, on the 6th November, 1886, against J. C. Ware: and an execution on this judgment was levied by a constable, November 13, on certain personal property, to which a claim was interposed, November 16, by said Catching, and bond given for a trial of the right of property. On the trial of the case, "on the first Saturday in December, 1886," the justice "sustained a demurrer to the claim, and dismissed it;" and on the 13th December, 1886, he entered an indorsement on the bond in these words: "Judgment having been rendered against the claimant, and his claim having been dismissed, and five days having elapsed, I hereby indorse this bond forfeited." A summary execution having been thereupon issued against the obligors in the bond, they made a motion before the justice to quash it, and took an appeal from his refusal to do so. The Circuit Court also refused to quash the execution, and its judgment, to which an exception was reserved, is now assigned as error.

WATTS & SON, for appellant.—The execution ought to have been quashed, because the bond had not been returned

[Catching v. Bowden.]

forfeited by the constable.—Code, § 3368; *Rhodes v. Smith*, 66 Ala. 174; *Sheppard v. Melloy*, 12 Ala. 561; *Dewitt v. Alexander*, 25 Ala. 265. It may well be doubted whether the dismissal of the claim on demurrer amounted to a condemnation of the property, or authorized a return of forfeiture on the bond.

F. L. SMITH, *contra.*—The statute now of force does not apply to this case. The former statute (Code, 1876, § 3680) authorized the issue of a summary execution, if the property was not delivered to the constable within five days after judgment, and said nothing about a return of forfeiture on the bond. If a forfeiture was necessary, the justice might declare it without a return by the constable.

STONE, C. J.—When a claim is interposed to property levied on under process, our statutes provide for a collateral issue and trial, called a trial of the right of property. When such claim is interposed, the claimant is required to make oath that he has a just claim or title to the property, and to give bond with sureties, conditioned to have the property forthcoming for the satisfaction of the judgment or claim, if found subject thereto.—Code of 1886, §§ 3004, 3012, 3365. When claim is thus interposed, and bond given, the property levied on is delivered to the claimant. The claim suit being thus inaugurated, an issue is made up, and trial of the right or title to the property then takes place. If, on the trial, the property is found subject to the process, the inquiry and finding must go further, and ascertain the value of the property levied on.—3 Brick. Dig. 779, § 50. If, after condemnation, the property is not restored to the officer making the levy, within the time prescribed by law, the levying officer must return it, with his indorsement that it is forfeited.—Code, §§ 3008, 3368. Thereupon execution is issued "against all the obligors in the bond, for the amount of the judgment against the defendant, if that is less than the value of the property as assessed by the jury (or justice of the peace), or for the amount of such assessed value, if less than the amount of the judgment; also for the damages, if any were assessed, and for the costs of the trial of the right of property."—*Ib.*

This whole proceeding is statutory, and it is only by virtue of the statute that execution can issue against the sureties, for they are not parties to the judgment. When the levying

officer indorses on the bond that it is forfeited, execution can be issued against the sureties, and not till then. The justice's execution ought to have been quashed.

There is, perhaps, another difficulty in this case. There was no trial of the right of property, and no assessment of its value. It would be well to inquire if an execution can issue in such a case as this, and whether or not a suit on the bond is the only remedy. We do not decide this, and it is not before us.

The judgment of the Circuit Court is reversed, and a judgment here rendered quashing the execution, at the costs of the appellee in the Circuit Court and in this court.

Reversed and rendered.