# Foust *v.* Greene.

## *Certiorari to Justice's Judgment.*

1. *Statutory claim suit before justice of the peace; forfeiture of claimant's bond.*—When a statutory claim is interposed to property on which an execution issued by a justice of the peace has been levied (Code, §§ 3365–68), the bond can not be returned forfeited, nor a statutory execution issued against the sureties, until there has been a trial of the statutory claim suit.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

The appellant in this case, George Foust, recovered a judgment in a justice's court, on the 4th March, 1886, against A. V. Fletcher and A. J. Fletcher, for $58; and an execution on this judgment was levied, December 5th, 1887, on 140 bushels of corn, which was claimed by D. W. Letson as his property. The execution was in the hands of one Crawford, a constable, and the levy was made by him; but the bond was taken by S. A. Truss, the sheriff of the county, and approved by him on the 10th December, 1887; and on the 28th December, 1888, a return of forfeiture was made on it by J. S. Smith, the succeeding sheriff, in these words: "The claimant having failed to produce the within property as herein provided, this bond is herewith returned forfeited." On the 31st December, 1888, the justice of the peace entered on his docket a judgment in these words: "Bond returned forfeited, by J. S. Smith, sheriff; judgment against D. W. Letson and Robert S. Greene, for $58;" and he issued an execution against them on this judgment. Thereupon, said Letson and Greene filed their petition for a *certiorari* and *supersedeas*, addressed to the presiding judge of the circuit, and praying that the proceed-

[Foust v. Greene.]

ings be removed into the Circuit Court, the judgment set aside, and the execution quashed. The petition alleged, " that no affidavit or bond, as required by law, was ever returned by said Crawford into the court which issued said execution against the Fletchers, and no issue was ever made up in that court, or in any other court, to try the right of property to said corn between said Foust and said Letson, nor was there ever any trial of the right of property; that on or about the 21st January, 1888, J. D. Strange, as attorney for said Letson, prayed and obtained a writ of *certiorari*, removing into the Circuit Court said cause wherein judgment was rendered in favor of Foust against Fletcher, and alleging that said Letson did not make affidavit and give bond to try the right of property in the justice's court; and on the hearing of this petition or matter in the Circuit Court, the same was dismissed, because said Letson, as claimant, had never made affidavit claiming said corn as his property, and therefore neither said justice nor said court had any jurisdiction of the matter, and a *procedendo* was awarded to the justice."

The court overruled a demurrer to this petition, set aside the judgment, and quashed the execution as prayed; and this judgment is now assigned as error.

Jno. W. Chamblee, for appellant.

Ward & John, *contra.*

STONE, C. J.—When a claim is interposed to property levied on under a justice's execution, the law prescribes certain steps to be taken, to inaugurate a claim suit, or trial of the right of property.—Code of 1886, §§ 3365–6. It is only after a trial is had, the property found subject, and, after that, an indorsement of " forfeited " entered on the claim bond by the officer making the levy, or by his successor, that execution can be issued against the claimant and his sureties.—Code, §§ 3367–8.

In the present case, there has been no trial of the right of property, and, consequently, the point was never reached when the levying officer was authorized to return the bond forfeited. The Circuit Court did not err in quashing the execution, and setting aside the office judgment.—*Catching v. Bowden*, 89 Ala. 604.

Affirmed.