# Nordlinger *v.* Gordon.

*Statutory Trial of Right of Property in Bales of Cotton.*

| 72 | 239 |
| 103 | 263 |
| --- | --- |
| 72 | 239 |
| 124 | 510 |

1. *What defects in process are available to claimant.*—On a statutory trial of the right of property, the claimant can not take advantage of any defects or irregularities in the process which render it merely voidable at the instance of the defendant; but, if the process is void on its face, he may defeat the plaintiff's claim by setting up such invalidity.

2. *Notary public; power to issue attachment.*—A notary public, who is also *ex officio* a justice of the peace, has no power or authority to issue an attachment returnable to the Circuit Court.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. S. W. JOHN, an attorney of the court, selected by the parties on account of the disqualification of the presiding judge.

This was a statutory trial of the right of property in and to three bales of cotton, between F. J. Gordon, plaintiff in attachment against Ivey Fuller, and A. S. Nordlinger as claimant. The plaintiff's attachment was issued by R. W. Nicolson, a notary public, and *ex officio* justice of the peace, and was returnable to the Circuit Court. The claimant moved to dissolve the attachment, on the ground that it was void for want of authority in said Nicolson to issue it; and the overruling of this motion is, with other matters, now assigned as error.

BROOKS & ROY, for appellants.

BRICKELL, C. J.—The claimant, in a trial of the right of property, can not take advantage of defects or irregularities in the process levied on the property which render it merely voidable. These are available only to the defendant in the process, upon some direct proceeding for its vacation or abatement, and are not subject to be inquired into collaterally, either by a party or a stranger to the process. But, if the process is on its face void, not authorizing the seizure of the property, the claimant is entitled to take advantage of its invalidity.—*Brown v. Hurt,* 31 Ala. 146; *Matthews v. Sands,* 29 Ala. 136. The issue between the claimant and the plaintiff is, the liability of the property to the process. If the process is void on its face, the property can not be liable to seizure under it, and the plaintiff can have no right to its condemnation, whatever may be the right

of the claimant to it. When the process is not void, the claimant must succeed on the strength of his own title—he can not be permitted to defeat the levy, and support his own claim, by showing that the title resided in any other person than himself. 2 Brick. Dig. 480, § 67. But, when the process is void, a different question arises. It is only a plaintiff in an execution or attachment capable of levy on the property, who can enter into the trial, and form with the claimant the issue, whether the property is liable to the process.

The attachment levied upon the cotton, of which the trial of the right of property was claimed, was issued by a notary public, and *ex officio* justice of the peace, returnable to the Circuit Court. We have heretofore decided, that such a notary is without power or jurisdiction to issue an attachment returnable to the Circuit Court.— *Vann & Waugh v. Adams,* 71 Ala. 475. The writ is consequently void, and should, on the motion of the appellant, have been quashed.—*Stevenson v. O'Hara,* 27 Ala. 362; *Matthews v. Sands,* 29 Ala. 136. As this conclusion is probably decisive of the case, it is unnecessary to consider the other assignments of error.

Reversed and remanded.