# Jackson v. Bain.

*Statutory Trial of Right of Property to Cotton.*

1. *Nature of statutory claim suit.*—A statutory claim suit, or trial of the right of property, is not an independent suit which may be inaugurated to determine the disputed title to property, but is consequential and dependent upon the levy of valid process against a third person.

2. *Burden of proof in such action.*—In such action, the plaintiff in the process is the actor, and the *onus* is on him to show the levy of valid process in his own favor, and to adduce *prima facie* evidence of the ownership of the property by the defendant in the process; and until he has done this, the claimant is not required to adduce any evidence.

3. *Landlord's lien on crop, and attachment to enforce it.*- A landlord's lien on the crop grown on rented lands, for rent and advances (Code, §§ 3467-72), is neither a *jus ad rem*, nor a *jus in re;* and until he has sued out a valid attachment, and had it levied on the crops, he can not recover in a statutory claim suit against a third person.

4. *Defects in process available to claimant.*—If the process levied on the property is void, the plaintiff can not recover in the statutory claim suit; and neither consent nor waiver, on the part of the defendant, can remedy the defect.

5. *Attachment issued by notary public.*—An attachment issued by a

[Jackson v. Bain.]

notary public, who is *ex officio* a justice of the peace, returnable to the Circuit Court, is void.

6. *Error without injury in rulings against plaintiff.*—When the record shows that the plaintiff never can recover, rulings against him by the court below, however erroneous, can not injure him, and are no ground of reversal.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. LEROY F. BOX.

This was a statutory trial of the right of property to a bale of cotton, and fifty bushels of cotton-seed, on which an attachment was levied in favor of James L. Jackson, and to which a claim was interposed, under the statute, by James S. Bain. Under the rulings of the court below, to which exceptions were duly reserved by the plaintiff, there was a verdict and judgment for the claimant; and these several rulings are now assigned as error.

ROBINSON & BROWN, for the appellant, contended that, although the plaintiff's attachment was void, under the authorities cited for the appellee, the defect was waived by the defendant's appearance without objection, and the claimant could not go behind the judgment.

HAMILL & LUSK, *contra*, cited *Vann & Waugh v. Adams*, 71 Ala. 475; *Nordlinger v. Gordon*, 72 Ala. 239.

STONE, J.—The present controversy originated in an attachment for rent, sued out by James L. Jackson, the appellant, through his agent, and against Thomas J. King. The attachment writ was levied on part of the crop grown on the rented land. This suit was not defended by King, and there was judgment against him by default. The record shows these proceedings, but there is no appeal from that judgment.

Soon after the attachment was levied, Bain, the appellee, interposed a claim to the property levied on. He filed his affidavit of ownership, and executed the necessary claim-bond, to institute the statutory action, known in our jurisprudence as *a trial of the right of property*. This is not an independent suit, which parties may inaugurate in the first instance. It is statutory, and consequential in its nature. It is consequential, or collateral to the main suit. It most frequently arises when personal goods are levied on under execution or attachment against one, which are claimed to be the property of another. The interposition of such claim, by affidavit and bond, suspends sale under the process, until the issue of ownership is determined. The issue is formed by an averment, by the plaintiff, that the property seized is the property of the defendant in

execution or attachment, and subject thereto; and a denial thereof by the claimant. The burden of proof in this issue is on the plaintiff in execution or attachment.—Code of 1876, § 3343. He must first offer proof of prior possession, or other evidence of ownership in defendant, before the claimant need offer any evidence of his title. Till the *onus* is shifted by such proof, the claimant may rest on plaintiff's failure to sustain his asserted right.

When, however, the plaintiff has shown a *prima facie* right of recovery, by showing prior possession in defendant, or other proof of liability, then the burden of proof shifts, and the claimant must establish his right to the property. He can not show that the right and title is in a third person, unless he shows that he has acquired that third person's right.—2 Brick. Digest, 480, § 67; *Elliott v. Stocks,* 67 Ala. 290. But still, as stated in this last case, the *onus* is on the plaintiff in the first instance.

The attachment, by which the present proceedings were inaugurated, was issued by a notary public, and made returnable to the Circuit Court. That attachment was and is void on its face.— *Vann & Waugh v. Adams,* 71 Ala. 475. The present suit, as we have shown, grew out of that attachment and its levy, and without them it can not stand. True, the landlord has a lien on the crop grown for rent and advances; but it is not a *jus ad rem,* nor a *jus in re.* Till attachment is levied, there can be no valid trial of the right to it, in the present form of proceeding. Till such levy, the conditions are not presented which authorize such trial. The action being statutory and exceptional, the statutory requisites must precede its institution; and neither consent nor waiver can dispense with this fundamental condition precedent: it is jurisdictional. The attachment in this case being void, it has no greater validity than if no attempt had been made to issue it. The claimant can take advantage of it, because it is void—not merely irregular. 2 Brick. Dig. 480, § 72. He can take advantage of it, because it is the first and fundamental evidence of plaintiff's right, without which he can not recover. Being void, the first step can not be taken, in showing a *prima facie* right of recovery. He falls before he reaches the adversary's outworks.— *Flash v. Paull,* 29 Ala. 141.

We need not consider the several rulings of the Circuit Court. Possibly, the correct practice would have been to rule out the attachment and levy, as worthless and immaterial. It matters not, however, what the special rulings of the Circuit Court may have been. The plaintiff never can recover; and hence, even if erroneous rulings were committed in submitting ques-

tions to the jury which the court should have decided, they did the appellant no harm.—1 Brick. Dig. 780, § 96.

Affirmed.