# Carter v. O'Bryan Brothers.

### *Statutory Trial of the Right to Property.*

1. *Attachment; clerical mistake does not invalidate writ.* —Where a justice of the peace in the issuance of a writ of attachment in his own county, through inadvertence, made it returnable to the circuit court of another county, which was caused by using a blank form prepared for use in the latter county without changing the name, but the attachment affidavit and bond, affidavit of claim interposed to the property levied on, and all other papers in the proceeding show that the writ was returnable to the county in which it was issued, and the sheriff, after making the levy, returned the papers to the circuit court of said county, and no one was misled by the misprision, such clerical mistake does not render the writ void, and furnishes no ground to quash the attachment and to set aside the levy.

2. *Same; waiver of defect or irregularity.*—In an attachment suit, the defendant, by coming into court and pleading in bar to the suit, waives all defects and irregularities in the issuance of the attachment or its service; and after such appearance by the defendant, a claimant, who interposed a claim to the property levied on under such attachment, can not complain or take advantage of any defect or irregularity in said process.

3. *Same; admissibility of papers in suit on motion to quash.*—On the trial of a motion to quash a writ of attachment on the ground that it was improperly issued, by reason of being made returnable to a court in another county than the one in which it was issued, the affidavit, bond and writ of attachment, the affidavit of claim to the property levied on and the claim bond, the pleas of defendant in the attachment suit and an agreement of all the parties in interest as to the manner in which the writ was levied, tending to show that the writ was made so returnable through a clerical mistake and that the defect had been waived, are admissible in evidence.

4. *Same; succeeding sheriff can make return of process.*—Where the sheriff who levied a writ of attachment on property, to which a claim was interposed, fails to make a return of process and the papers in the claim suit, in obedience to an order of court, his successor in office can make the proper returns; the duty being official and not personal.

5. *Fraudulent conveyance by solvent debtor.*—Where a solvent debtor,

20

[Carter v. O'Bryan Brothers ]

with the intent to put the proceeds beyond the reach of his creditors, sells his property, and the vendee has actual or constructive notice of the seller's intent, such sale is fraudulent and void as to the debtor's creditors, and the vendee acquires no title as against such creditors.

6. *Charge to the jury; consideration limited to questions argued by counsel.*—In the consideration of charges to the jury in civil cases, the Supreme Court will only review on appeal the assignments of errors on the charges, given or refused which are discussed and argued in brief of counsel for appellant.

7. *Evidence; rulings thereon will not be reviewed unless argued.*—The rulings of the trial court upon evidence will not be reviewed on appeal unless assigments of error thereon are argued and insisted on in brief of counsel.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

This was a statutory claim suit, instituted by the appellant, L. A. Carter, interposing a claim to a stock of goods, which had been levied upon by an attachment, sued out by the appellees, O'Bryan Brothers, against W. F. McGwier, on the ground that the defendant had fraudulently disposed of his goods.

Upon the trial of the claim suit, the following proceedings were had, and the following facts were disclosed : On January 6, 1892. O'Bryan Brothers sued out an attachment against W. F. McGwier, a resident of Lawrence county, before a justice of the peace of Lawrence county, on the ground that the defendant McGwier, had fraudulently disposed of his goods. The writ of attachment recited on the its face, that it should be returned to the next "term of the circuit court of Colbert county, to be held on the fourth Monday in April, 1892." The affidavit and bond, which were made preparatory to the issuance of the writ of attachment, recited that the writ was returnable to the circuit court of Lawrence county, to be held on the fourth Monday in April, 1892. The writ was addressed to "any sheriff of the State of Alabama," and was levied on January 6, 1892, by George S. Weaver, the sheriff of Colbert county, upon "the entire stock of goods of W. F. McGwier situated in the town of Leighton, Colbert county," consisting of dry goods, notions, &c. After the levy of this attachment upon the stock of goods by the sheriff, L. A. Carter, on January 7, 1892, interposed a claim to the

goods by making an affidavit before George S. Weaver, the sheriff of Colbert county, who levied the attachment, in which he swore that the property levied upon was not the property of W. F. McGwier, but was his property; and upon the execution of a claim bond, which was approved by Weaver, as sheriff, the property was turned over to the claimant. The affidavit and bond made by the claimant recited that the goods had been levied upon under an attachment issued by a justice of the peace for Lawrence county, "and returnable to the circuit court of Lawrence county, Alabama." At the time of the interposition of this claim, there was an agreement entered into between the counsel for the plaintiff in attachment and the defendant and claimant, in which they agreed that the sheriff in making his return of the levy should not be required to severally mention each item levied upon, but should describe the levy as being made upon dry goods, notions, &c., "and the entire stock of goods contained in the store-house formerly occupied by W. F. McGwier;" and the agreement recited that "the intention of the parties is to avoid the time, expense and trouble of taking a complete inventory of said stock of goods." The sheriff returned the writ of attachment, attachment bond and affidavit, together with the claim bond and affidavit to the next term of the circuit court of Lawrence county, which commenced on the fourth Monday of April, 1892. At the Fall term, 1892 of the circuit court of Lawrence county, the following order was made by the court: "Come the parties by their attorneys, and the defendant moves to quash the attachment and dissolve the levy thereof, because the affidavit for the issuance of said attachment was made before a justice of the peace for the county of Lawrence, and returnable to the circuit court of Colbert county, and was executed by the sheriff of Colbert county. On consideration by the court, and it appearing to the satisfaction of the court that the defendant has filed pleas to the merits of this case, and that the returns were in fact made to the circuit court of Lawrence county, it is ordered by the court that said motion be, and the same is hereby overruled. On motion of plaintiff, it is ordered that the sheriff of Colbert county return to this court the the original attachment by him levied upon the property described in his levy and true copies of the bond and

[Carter v. O'Bryan Brothers.]

affidavit made by claimant to try the right of property in this case, certified by him to be correct, to this court. He will also return the original bond and affidavit to try the right of property and a true copy of the attachment bond and affidavit, certified by him to be correct, to the circuit court of Colbert county." In obedience to this order of the court, Shelby Grisham, who was then sheriff of Colbert county, certified to the circuit court of Colbert county the original claim bond and affidavit and a true copy of the attachment bond and affidavit.

At the Spring Term, 1893, of the circuit court of Colbert county, the claimant moved the court to quash the writ of attachment issued against W. F. McGwier, at the suit of O'Bryan Brothers, and to discharge the levy thereunder upon the goods claimed by him, upon the following grounds : 1st. Because said writ of attachment is void. 2d. Because the writ was issued by the justice of the peace of Lawrence county, and made returnable to the circuit court of Colbert county. 3d. Because the justice of the peace who issued the writ of attachment had no jurisdiction to issue it in Lawrence county, returnable to the circuit court of Colbert county. 4th. Because the writ of attachment was issued by a justice of the peace of Lawrence county, and levied by a sheriff of Colbert county, upon goods situated in Colbert county. 5th. Because the writ ot attachment was not levied by the sheriff of the county from which the same issued. 6th. Because the justice of the peace issuing the writ had no authority to issue the same, directed to any sheriff of the State. 7th. Because the writ of attachment was made returnable to the circuit court of Colbert county on the fourth Monday of April, 1892, when there was by law no court for Colbert county on that day. 8th. Because the levy by the sheriff of Colbert county upon the goods claimed was unauthorized by law, and is void. The plaintiffs filed an answer to this motion of the claimant, in which they alleged that said attachment sued out by O'Bryan Brothers against W. F. McGwier was sued out before a justice of the peace of Lawrence county, returnable to the next term of the circuit court of Lawrence county, which was fixed by law to be held on the fourth Monday in April, the same time fixed in the writ of attachment; that the

[Carter v. O'Bryan Brothers.]

affidavit, bond and writ all show that said writ of attachment was returnable to the circuit court of Lawrence county, but the writ of attachment issued by said justice of the peace was a printed form, prepared for Colbert county, and the said justice of the peace failed to erase the word "Colbert" in said writ, and to write the word "Lawrence" in its stead ; but that all the papers in said proceeding show that, said writ was intended to be returnable to the circuit court of Lawrence county, and was in fact returned to said court ; that the defendant in said attachment suit, W. F. McGwier, appeared and pleaded to the merits of the attachment suit in the circuit court of Lawrence county, at the April term, 1892, the term to which said writ was made returnable, and thereby waived any and all irregularities in said proceedings ; that the claimant, Carter, made a claim bond in said suit, in which he admitted that the said attachment was returnable to the circuit court of Lawrence county, and he also appeared and made the agreement which is attached to the writ, and by his admissions and agreement the claimant has waived any irregularities in the papers.    The plaintiffs further averred in their answer that there was only an irregularity in the writ which is amendable under the laws of Alabama, and of which the claimant could not take advantage.    The answer further averred, "that the attachment was levied by the sheriff of Colbert county, not because it was on its face returnable to the circuit court of Colbert county, but because the property was found in Colbert county, and said writ was returned by him, after the levy, to the circuit court of Lawrence county." The claimant demurred to this answer of the plaintiffs upon several grounds, among which were the following : 1st.    That said answer was no answer to the motion of claimant to quash the writ of attachment and dissolve the levy thereunder.    2d.    That the answer admits that the justice of the peace who issued the attachment had no authority to issue the same. 3d.    The fact that said writ was made returnable at the time of the convening of the circuit court of. Lawrence county can not correct the direction of the writ to be returned to the circuit court of Colbert county.    4th.    Because the intention to make said writ returnable to Lawrence county can not prevail over the plain mandate of the writ to the sheriff to return the same to Colbert

county. 5th. Because the sheriff was without authority
to return the said writ to Lawrence county, and his act
in so doing was. unauthorized and void.   6th.   The ap-
pearance of the defendant, McGwier, and his answer to
the writ can not bind the claimant or in any way affect
his rights in this case.   7th.   No act or admission of the
claimant, either in appearing in the circuit court, or in
the bond or affidavit made by him could confer jurisdic-
tion upon the said court, or give vitality to the writ is-
sued.   These demurrers to the answer of the plaintiffs
were overruled, and the claimant duly excepted.

After the overruling of his demurrers, the claimant, in
support of his motion, introduced in evidence the writ of
attachment issued by the justice of the peace of Law-
rence county, and an instrument showing the levy under
said writ by George S. Weaver, sheriff of Colbert county.
The plaintiffs, in support of their answer to said motion,
offered in evidence a certified copy of the attachment
bond and affidavit issued in the case of O'Bryan Brothers
against W. F. McGwier, and proved that the writ of at-
tachment, bond and affidavit were written on printed
forms, which were used for the county of Colbert.  Plain-
tiffs also introduced in evidence a bond and affidavit
made by. the claimant, and the pleas of W. F. McGwier,
the defendant in attachment, which were interposed in
the circuit court of Lawrence county, and also introduced
in evidence the agreement of counsel made to avoid the
time, expense and trouble of taking an inventory.   To
the introduction of each of these instruments the claim-
ant separately objected, on the ground, that they were
immaterial and irrelevant to the issue in the case.   The
court overruled each of these several objections of the
claimant, and the claimant separately excepted.   After
consideration, the court overruled the motion of the
claimant to quash the writ of attachment and discharge
the levy thereunder, and to this ruling of the court the
claimant duly excepted.

Claimant then moved the court to strike said cause
from the docket ''because it appeared that said attach-
ment was sued out on the 6th day of January, 1892, and
that all of said papers were made returnable, and were
in fact returned, to the circuit court of Lawrence county,
and that this cause was not placed on the docket of the
circuit court of Colbert county, until the 13th day of

[Carter v. O'Bryan Brothers.]

March; 1893 ; and for the further reason, that the copy of the writ of attachment issued in this cause by the justice of the peace of Lawrence county, was not made by George S. Weaver, the sheriff of Colbert county, by whom the same was levied, but was made by Shelby Grisham, as sheriff of Colbert county, the successor of said George S. Weaver in office." In support of this motion, the claimant introduced in evidence a certificate by Shelby Grisham as sheriff of Colbert county to the copy of the writ of attachment, which was returned to the circuit court of Colbert county in obedience to the order made by the circuit court of Lawrence county. The claimant also introduced evidence showing that Shelby Grisham was not the sheriff of Colbert county at the time of the levy of said attachment, but that George S. Weaver was the sheriff who made said levy under said writ of attachment. The plaintiffs offered in evidence the order of the circuit court of Lawrence county made in this cause, and the citation issued from said court to the sheriff of Colbert county, requiring him to return copies of the papers to the circuit court of Colbert county. It was admitted that George S. Weaver, who was the sheriff of Colbert county at the time the attachment was levied, was *non compos mentis*. The court overruled the motion of claimant to strike the cause from the docket, and the claimant duly excepted. Issue was then made between the plaintiffs in attachment and the claimant to try the right to the property levied upon under the writ of attachment. On the trial of this issue, it was shown that the claimant, Carter, was the brother-in-law of W. F. McGwier, defendant in attachment, and was the travelling salesman of Carter, Dunbar & Company, who were creditors of W. F. McGwier. The plaintiffs introduced evidence which showed that on January 2, 1892, just four days before the levy of the attachment, W. F. McGwier had sold his entire stock of goods and storehouse to L. A. Carter, the claimant. The plaintiffs also introduced evidence, which tended to show that the sale from McGwier to Carter was made for the purpose of hindering, delaying and defrauding the creditors of McGwier ; while the testimony for the claimant tended to show that the sale was a *bona fide* transaction, and that he purchased the goods, not knowing that McGwier was insolvent. The opinion renders it unnecessary to set out these facts at length.

[Carter v. O'Bryan Brothers.]

There was judgment for the plaintiffs. The claimant appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

WIRT & SPEAKE, for appellant.—1. A justice of the peace has no authority to issue an attachment returnabl to the circuit court of any county other than that of his own county; and an attachment so issued is void.—Code of 1886, § 2931; *Vann v. Adams*, 71 Ala. 478; *Stevenson* v. *O'Hara*, 27 Ala. 362; *Matthews v. Sands*, 29 Ala. 138; *Nordlinger v. Gordon*, 72 Ala. 239; *Jackson v. Bain*, 74 Ala. 328; Drake on Attachments, §§ 83, 85, p. 416.

2. The attachment being void, claimant has a right to take advantage thereof, and move to quash and discharge it.—3 Brick. Dig., 777, § 25 *Nordlinger v. Gordon*, 72 Ala. 239; *Jackson v. Bain*, 74 Ala. 328; *Pace v. Lee*, 49 Ala. 571; *Sandlin v. Anderson*, 76 Ala. 403; *Ellis v. Martin*, 60 Ala. 394.

3. The court should, upon motion of claimant, have stricken said cause from the docket; the statute, (§3010), as construed by this court in *Ex parte Dunlap*, 71 Ala. 73, requires that the original writ of attachment must be returned to the county whence it was issued, and a true copy of the writ of attachment must be returned to the county in which the levy was made.—Code, § 3010; *Ex parte Dunlap*, 71 Ala. 73.

KIRK & ALMON, *contra.*—1. The error was not the fault of the plaintiffs, but was an over-sight of the justice of the peace in issuing the attachment writ, and caused by the use of printed blanks prepared for Colbert county; but was in fact returned to Lawrence county. Under these facts the defects were amendable.—Code, § 2998; *Warren v. Purtell*, 63 Ga. 428; 1 Amer. & Eng. Encyc. of Law, pp. 922, 911, note 3; Drake on Attachments, §§ 414-416; *Wright v. Moran*, 43 N. J. L. 49; *Chastain v. Armstrong*, 85 Ala. 216; *Scott v. Macy*, 3 Ala. 250; *Steele v. Tutwiler*, 68 Ala. 110; *Morgan v. Evans*, 22 Amer. Rep. 154.

2. A trial of the right of property is dependent upon the existence of a prior suit for its foundation. It can not be instituted until there is another suit pending. The test of claimant's right to take advantage of the defects pointed out in the motion is, have the plaintiffs

such a case as will enable them to prosecute successfully their suit against the defendant?

3.   Whatever defect may have existed in the process has been waived by the defendant.—*Goldsmith v. Stetson & Co.*, 39 Ala. 183 ; *Peebles v. Weir*, 60 Ala. 416 ; *Ware v. Todd*, 1 Ala. 199 ; *Thompson v. Lea*, 28 Ala. 461 ; *Burroughs v. Wright*, 3 Ala. 43 ; *Comer v. Jackson*, 50 Ala. 386 ; *Ellis v. Martin*, 60 Ala. 394.

4.   The return of the papers by the sheriff who was the successor in office of the sheriff who levied the process was sufficient.—*Bettis v. Taylor*, 8 Port. 564.

HARALSON, J.—1. There was no error in the refusal of the court to quash the writ of attachment, in overruling the demurrer to the answer filed by plaintiff to the motion to quash, and in refusing to strike the cause from the docket.

It is true, a justice of the peace can not issue an attachment returnable to a circuit court out of his own county.—Code, § 2931.   The facts alleged in the answer to the motion show—and the proofs in the affidavit for the attachment, the attachment bond, the recitals in the affidavit of claimant made under the statute by way of propounding his claim, and those in his claim bond, all show—that the words, "Colbert county," as employed in the attachment, was a clerical mistake for the words Lawrence county, and how the mistake occurred,—that a printed blank attachment for such suits prepared for use in Colbert county was, in this instance, used by the justice in Lawrence county, in issuing the attachment, and by mere inadvertence, the word Colbert was not stricken out, and the word Lawrence inserted in its place,—whereas, in all the other attachment papers, it is shown, that the attachment was in fact issued returnable to the Lawrence circuit court.   No one was misled by it.   The sheriff made the levy and returned the papers to Lawrence, the defendant appeared in that court and pleaded, and the claimant made his affidavit and claim bond, which, recited that the writ was returnable to that court.   This was a mere defect or irregularity ; and section 2998 of the Code provides that any defect of form or substance in the attachment writ is amendable, at the instance of the plaintiff.—Drake on Attachments, § 416.

2.   In *Goldsmith v. Stetson*, 39 Ala. 189, it was held, that a judgment in a suit commenced by attachment, the writ in which was void, because issued by an officer not authorized by law to issue attachments, was nevertheless valid, because the defendant in attachment appeared in court, thereby waiving any defect in the process or its service.   The defendant in this case appeared in the circuit court of Lawrence county, at the Fall term, 1892, of that court, and filed pleas in bar to the suit. He thereby admitted himself as being properly in court and waived any defect or irregularities that existed in the issuance of attachment which would have rendered it void.—*Rosenberg v. Claflin Co.*, 95 Ala. 252 ; *Birmingham Flooring Mills v. Wilder*; 85 Ala. 593; *Lampley v. Beavers*, 25 Ala. 534.   And the claimant, on the trial of the right of property, as is well settled, can not take any advantage of defects or irregularities in the process levied, which do not render it absolutely void.—*Ellis v. Martin*, 60 Ala. 394 ; *Jackson v. Bain*, 74 Ala. 330 ; *Sandlin v. Anderson*, 76 Ala. 405 ; 1 Brick. Dig. 165, § 155 ; 2 *Ib.* 480, §§ 71-73; Drake on Attachments, § 697.   After defendant's appearance and plea, claimant, no more than he, could set up any defect in the attachment, and move therefor to quash or strike the cause from the docket.

3.   On the trial of the motion to quash the writ and of the claim suit, there was no error in allowing the plaintiff to introduce the attachment writ, the affidavit and bond for attachment, the pleas of the defendant in attachment, the affidavit of the claimant that he was the owner of the property levied on, his claim bond, and the agreement of plaintiff, the defendant and claimant as to the levy, return of the sheriff, and the value of the property levied on and claimed.   The evidence was within the issues tried.—*Schamagel v. Whitehurst*, 103 Ala. 260 ; *Gug v. Lee*, 81 Ala. 163 ; *Mayer v. Clark*, 40 Ala. 259.

4.   The levy was made in this case by George S. Weaver, the sheriff of Colbert county, on the 6th of January, 1892.   It would seem he did not return the original and copies of the bond and affidavit, certified by him, to the circuit court of Lawrence.   It was shown that he had become *non compos mentis*.   His successor in office was Shelby Grisham.   On the 28th of April, 1892, the defendant in attachment appeared and filed his pleas in the circuit court of Lawrence county.   At

the ensuing Fall term of that court, the claimant moved
to quash the attachment, on the ground herertofore no-
ticed, which being overruled, on motion of the plaintiff,
the court ordered the sheriff of Colbert, to return to that
court (Lawrence circuit) "the original attachment by
him levied upon the property described in his levy, and
true copies of the bond and affidavit made by claimant
to try the right of property in this case. certified by him
to be correct," and "return the original bond and affi-
davit to try the right of property, and a true copy of the
attachment bond and affidavit, certified by him to be
correct, to the circuit court of Colbert county," with
which order, as was shown, Shelby Grisham, the then
sheriff of Colbert county complied, on the 31st Decem-
ber, 1892.    This order was made, in order that the pro-
visions of sections 3010 and 3012 of the Code might be
complied with.    The sheriff having failed to do so, it
was competent for the court to make the order.    The
objection that the sheriff, who made the levy and who
had failed to make the proper returns, could alone make
them, and that his successor, in compliance with an order
of the court to do so, could not make them, was without
merit. The duty to be performed attached to the officer,
and was an official, not personal, duty.

5.    The plaintiffs requested 9 written charges, which
were given, all of which had reference to the sale made
by defendant McGwier to claimant, Carter, which is as-
sailed, on the grounds that it was fraudulent; made to
hinder, delay or defraud the creditors of said McGwier.
The claimant requested twelve which were refused.    To
the giving of charges for plaintiffs, and to the refusal to
give those requested for claimant, the claimant excepted
and assigns as error.

On the errors assigned for the giving and refusal of
charges, the claimant's counsel have submitted no argu-
ment, further than to say in their brief on the subject of
charges, that "The points raised by the errors assigned
to the giving of special charges on behalf of plaintiffs
and to the refusal to charge specifically, as requested
by claimant, go to the effect of the solvency or insol-
vency of McGwier at the time of the sale to Carter.    If
McGwier was solvent at the time of the conveyance to
Carter, then the creditors can not complain, even if
fraud intervened in the transaction." Citing Waits

Fraud Con., § 95. The citation does not support the contention. It has reference to voluntary conveyances; by a solvent person; but as to these, it is there stated, that it must clearly appear that they were not made to hinder, delay or defraud creditors of the grantor.

There is no uncertainty in the decisions of this court upon the proposition suggested by counsel; for, we have repeatedly held, that a debtor possessed of ample means to satisfy all demands against him, as well as an insolvent debtor, may be guilty of a fraudulent intent in the sale of his property, as by converting it into money for the purpose of putting it beyond the reach of his creditors; and a vendee who purchases with a knowledge of such fraudulent purpose, or with knowledge or notice of facts, calculated to put a reasonable man on inquiry, which if followed up would lead to a discovery of the fraudulent intent, will not be protected.—*Smith. v. Collins*, 94 Ala. 404; *Dickson v. McLarney*, 97 Ala. 383; *Carter v. Coleman*, 82 Ala. 181; *Seals v. Robinson*, 75 Ala. 369.

The appellant's counsel, having presented no argument to sustain assignments of error on the charges given and refused, and having insisted upon no error in their giving or refusal, except the one we have just considered, must be held to have waived all others, if they exist. We are not inclined to review charges, especially such a multitude as are here presented, the vices of which, if existing, counsel for appellant themselves decline, for the best of reasons no doubt, to ascertain and point out.—*Williams v. Spragins, Buck & Co.*, 102 Ala. 424; *Syllacauga Land Co. v. Hendrix*, 103 Ala. 254.

It is unnecessary to consider the ruling of the court on the introduction of evidence. It is not insisted on in argument of counsel.

Affirmed.