# Cochran v. Garrard & Sons.

### *Trial of Right of Property.*

#### (Decided April 18, 1907.  43 So. Rep. 721.)

1. *Appeal; Review; Harmless Error; Introduction of Evidence.*—
   Plaintiffs offered in evidence an execution purporting to have
   been founded on a judgment recovered by them upon a cer-
   tain day of the month. The record of the judgment showed
   that it was rendered on a different day of the month and it
   also apeared that plaintiff had but one judgment against
   defendant in execution. Held, that if there was error in
   permitting the judgment to be introduced it was harmless.
2. *Trial Right of Property; Burden of Proof.*—The burden is on the
   plaintiff in execution, in proceedings under section 4142, Code
   1896, to show that the property levied on is the property of
   the defendant in execution.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Proceeding under Code of 1896, § 4142, between Gar-
rard & Son, plaintiffs in execution, and N. F. Cochran,
claimant, to determine whether certain property levied
upon was that of claimant. From a judgment for plain-
tiffs in execution, claimant appeals. Reversed and re-
manded.

Garrard & Son, having a judgment against Jack
Cochran, levied upon a horse and buggy as the property
of said Jack Cochran, whereupon N. F. Cochran filed
claim to said property, made affidavit, and gave bond
as required by law. At the conclusion of the testimony,
the court gave the affirmative charge for the plaintiff,
and refused a like charge to claimant.

REID & HILL, for appellant.—Section 2348, Code
1886, authorizes the sale or exchange or conveyance of
the personal property of the wife by parol or otherwise
by the husband and wife. Upon the facts in the case
the court erred in giving the general charge for plain-

tiff and refusing a like charge and the other charges requested by defendant.—*Steiner v. Trainor*, 98 Ala. 315; *Collins v. Sherbert*, 114 Ala. 480; *Loan Co. v. Thompson*, 115 Ala. 552; *Anderson v. Railroad Co.*, 109 Ala. 129; *Chattanooga S. R. R. Co. v. Daniels*, 122 Ala. 362; *Carter v. Fulgham*, 134 Ala. 242.

ESPY & FARMER, for appellee.—No brief came to the Reporter.

HARALSON, J.—Issue having been made up under section 4142 of the Code of 1896, between the plaintiff in execution and the claimant, the plaintiffs offered in evidence an execution in their favor, purporting to be founded on a judgment in their favor, against A. J. Cochran, the defendant in execution in the circuit court of Houston county for $106.92 and $6.30 court costs, which judgment, according to the recitals in the execution, was recovered on the 1st of November, 1904, and which had been levied on the property involved in this suit on the 12th of January, 1905.

The plaintiffs then offered in evidence the record of a judgment in said circuit court in their favor against said A. J. Cochran, defendant, bearing date the 2d of November, 1904, for $106.92 and $6.30 court costs. In this connection it was shown that plaintiffs had only one judgment against A. J. Cochran, defendant in said court, and this was the one recovered November 2, 1904.

The claimant objected to the introduction of this judgment, on the ground, that there was a variance, between the date of the judgment as appeared by the record ,and the date of the one purporting to have been rendered, upon which said execution had issued, and because the evidence was irrelevant, immaterial and illegal.

It was unnecessary for the plaintiffs to introduce the record of the judgment on which the execution issued. Upon the production of his execution, a valid judgment would be presumed until the contrary appeared.—*Carlton v. King*, 1 Stew. & P. 472, 23 Am. Dec. 295.

"The only question to be litigated in a case of the kind is, whether the goods claimed, really belonged to the claimant or not, as against the plaintiff, a creditor. For the purpose of this controversy, the plaintiff must be regarded as a creditor, without the production or proof of his indebtedness,"—he having given in evidence his execution.—*Pulliam v. Newberry's Adm'r*, 41 Ala. 175. However there may be involved in the determination of the validity of the title of the claimant the question as to whether the transactions between the respective parties were simulated. "The claimant, on the trial of the right of property, as is well settled, cannot take any advantage of defects or irregularities in the process levied, which do not render it absolutely void." —*Carter v. O'Bryan*, 105 Ala. 314, 16 South. 894.

Defects or irregularities in the judgment on which the execution issued, nor mere defects or irregularities in the execution are of any avail to claimant.—4 Mayfield, 982, § 160.

But, it appears that there was no variance, since it was shown, that there was but one judgment in said court between the same parties, for the same amount,— principal and costs, the only difference being, that the one recited in the execution, was of date the 1st of November, 1904, and the one in the judgment introduced, the date was the 2d of November, 1904, which was clearly a self-correcting clerical error. If there was error in the introduction of the judgment, it was, therefore, error without injury.

When the defendant in execution, A. J. Cochran, was being examined, plaintiffs asked him on the cross: "If at or about the time of the making of those trades (respecting the buggy and horse between claimant and Malone & Sons for the buggy, and between her and her son for the horse) Messrs. Espy & Farmer saw him and notified him of the fact that they held for collection plaintiff's claim against him, and notified him that he must make some arrangements about it?" Objection was interposed on the ground that it called for irrelevant, illegal and immaterial testimony, which objection was sustained. It is difficult to see what the answer,

if in the affirmative could have to do with claimant's claim, to which the answer would have been entirely irrelevant. But, the witness afterwards was allowed to answer that he was notified by Mr. Farmer, that Espy & Farmer held such claim for collection, who stated that settlement must be made.

The evidence showed without conflict, that the claimant had bought the buggy from Malone & Sons, and had paid for it with her own means, and had traded with her son, Will Cochran, for the horse, giving him a mule for the same, and that the property levied on was, at the time of the levy, on land owned by her, and on which she with her husband lived; that her husband, the defendant, had no interest in said property and had never had any interest in it, and had never had any interest in said land. In this she was corroborated by the defendant and her son, Will, and there was no conflicting evidence as to these matters. The trades for the property by claimant were made in the fall of the year 1904, and the property levied on was then and since has been in her possession, and the execution, under which plaintiffs claim, was not issued until January 12, 1905, and was not levied until April 4, 1905.

The burden of proof was on plaintiffs to show that the property levied on was the property of defendant.— Code 1896, § 4142. They might have proven a prima facie case, by showing that the goods were in the possession and under the control of defendant at the time of the levy, in which case the burden would have shifted to the claimant to establish her right.—4 Mayfield, 980, § 113-116. But this the plaintiffs did not do, nor did they attempt to do.

The plaintiffs requested and the court gave the charge, "That if the jury believe the evidence, they must find in favor of plaintiffs for the horse and buggy;" and the claimant requested and the court refused to charge, "If the jury believe the evidence they will find for the claimant." In giving the one requested by the plaintiffs, the court erred, but committed no error in refusing the one requested by the claimant for the reason that we cantnot say the evidence afforded no inference

[Francis, et al. v. Sandlin, et al.]

that the transactions were simulated and entered into for the purpose of defrauding the plaintiff as a creditor of the husband.

Reversed and remanded.

TYSON, C. J., and SIMPSON, and DENSON, JJ., concur.