(85 South. 746)

McDONALD v. STEPHENS. (4 Div. 869.)

(Supreme Court of Alabama. June 10, 1920.)

1. **Attachment** ⟨○➠⟩306—**Execution** ⟨○➠⟩192—Plaintiff must allege that the property claimed is the property of defendant.

In statutory claim cases, under Code 1907, §§ 6039, 6040, plaintiff in execution or in attachment must allege that the property claimed is the property of the defendant in the writ and is liable to its satisfaction.

2. **Attachment** ⟨○➠⟩308(2)—**Plaintiff has burden of proof as against claimant of property.**

In statutory claim suit, under Code 1907, §§ 6039, 6040, where claimant denies the allegation of plaintiff in attachment that the property claimed is the property of the defendant in the writ and is liable to its satisfaction, plaintiff has the burden of proving such allegation.

3. **Attachment** ⟨○➠⟩303—**Writ, with bond and affidavit of claimant, is basis of jurisdiction in statutory claim suits.**

When officer making levy returns the writ, together with the bond and affidavit of the claimant, to property levied on, the writ, bond, and affidavit become the papers of record in the cause and are the basis of the court's jurisdiction to proceed to the trial of the claim under Code 1907, §§ 6039, 6040.

4. **Evidence** ⟨○➠⟩43(2)—**Judicial notice taken of writ, bond, and affidavit of claimant in statutory claim suits.**

In statutory claim suit, under Code 1907, §§ 6039, 6040, the court at the outset takes judicial cognizance of the writ and of the bond and affidavit of claimant before it submits the statutory issue of fact to the jury, making it unnecessary to introduce such writ, bond, and affidavit in evidence.

5. **Attachment** ⟨○➠⟩314—**Claimant complying with statute entitled to judgment where writ invalid.**

In statutory claim suit, under Code 1907, §§ 6039, 6040, a claimant who has complied with the statute is entitled to judgment as a matter of law if the writ is void on its face, or there is no officer's return showing its levy, since such trial presupposes the existence of a valid writ and its levy upon the property claimed.

6. **Attachment** ⟨○➠⟩294—**Claimant by filing affidavit and bond admits validity of levy but not of writ.**

In statutory claim suit, under Code 1907, §§ 6039, 6040, claimant by filing his affidavit and bond conclusively admits the fact and validity

of the levy, if officially indorsed and returned, but not the validity of the writ itself.

**7. Attachment ⬥294—Irregularities not rendering writ void on its face immaterial in statutory claim suits.**

In statutory claim suit, under Code 1907, §§ 6039, 6040, mere irregularities which do not render the writ void on its face are of no consequence and not available to claimant.

**8. Execution ⬥193, 194(3)—Issue of fraud proper in claim case; writ evidence of existence of debt in statutory claim suit.**

In contests between a plaintiff in execution and a donee or purchaser from the defendant in execution, the issue of actual or constructive fraud may be presented, and the existence and date of plaintiff's debt becomes material and decisive, and in such case the debt is sufficiently proven by the introduction in evidence of the writ of execution, from which a valid judgment is presumed.

**9. Evidence ⬥207(1), 210—Bond and affidavit of claimant admissible on issue of title, identity, or value.**

In statutory claim suit, under Code 1907, §§ 6039, 6040, the bond and affidavit of claimant may contain recitals which are relevant as admissions or contradictions, and may be used for such purposes upon questions affecting title, identity, or value.

**10. Attachment ⬥296—Claimant's affidavit that he claims under mortgage or lien sufficient.**

Under Code 1907, § 6043, requiring claimant to property levied on who bases claim on a mortgage or lien to state the nature of the right which he claims in his affidavit, it is sufficient if claimant simply states that he claims under a mortgage or under a lien; a further specification of the claim being unnecessary, since the rules of special pleading have no application to such proceeding.

**11. Attachment ⬥296—Mortgage available as basis of claim, though affidavit erroneously stated that it was executed directly to claimant.**

In statutory claim suit, under Code 1907, §§ 6039, 6040, where claimant's affidavit stated that claim was based on mortgage given by defendant in attachment to claimant, the mortgage was available as a basis for the claim, though it in fact was executed by defendant to a third party and by the third party transferred to claimant's transferor, who in turn transferred to claimant; the affidavit not being regarded as a pleading.

**12. Appeal and error ⬥1041(1)—Rejection of amendment to affidavit in statutory claim suit held harmless.**

In statutory claim suit, under Code 1907, §§ 6039, 6040, where claimant's affidavit stated that the mortgage on which claim was based had been executed by defendant in attachment to claimant, rejection of amendment stating that mortgage had been transferred to claimant by third party was harmless, where mortgage was admitted in evidence without objection and the issue was determined upon the question of the priority of the conflicting claims.

**13. Chattel mortgages ⬥138(3)—Landlord's lien for advances held prior to mortgage lien.**

Landlord's lien on corn grown on rented premises for advances to tenant *held* prior to mortgage lien on the corn.

McClellan, Thomas, and Brown, JJ., dissenting.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Action by Mrs. C. B. Stephens begun by attachment against Bill Jackson, with levy upon certain corn and claim to the same by J. A. McDonald. Judgment for plaintiff, and claimant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

McDowell & McDowell, of Eufaula, for appellant.

The court erred in refusing to allow the affidavit of claimant to be amended. Sections 2965 and 6043, Code 1907; 149 Ala. 655, 43 South. 117; 66 Ala. 177. Counsel discuss other assignments of error, but without further citation of authority.

E. W. Norton, of Clio, and G. W. Peach, of Clayton, for appellee.

The nature of the claim was not sufficiently described. Section 6043, Code 1907; 134 Ala. 259, 32 South. 664; 158 Ala. 166, 48 South. 506. Counsel discuss other assignments of error, but without further assignments of authority.

SOMERVILLE, J. **[1, 2]** In statutory claim suits, under sections 6039, 6040, of the Code of 1907, the statute itself defines and restricts the decisive issue to be submitted to the jury. Keyser v. Maas, 111 Ala. 390, 21 South. 346. The plaintiff in execution or in attachment "must allege that the property claimed is the property of the defendant in the writ and is liable to its satisfaction." The claimant simply denies this allegation, and the burden of proof is on the plaintiff. This is the only proper issue. Warren v. Liddell, 110 Ala. 232, 20 South. 89, and cases cited; Lehman & Co. v. Warren, 53 Ala. 535; B. & A. M. Co. v. Cody, 135 Ala. 622, 33 South. 832.

**[3]** When the officer making the levy returns the writ, together with the bond and affidavit of the claimant, they become papers of record in the cause (Lanier v. Branch Bank, 18 Ala. 625, 627; Thomas v. Henderson, 27 Ala. 523, 529), and are the basis of the court's jurisdiction to proceed to the trial of the claim (Jackson v. Bain, 74 Ala. 328, 330; Mobile Life Ins. Co. v. Teague, 78 Ala. 147; House v. West, 108 Ala. 355, 19 South. 913; Catching v. Bowden, 89 Ala. 604, 8 South. 58; Dollins v. Pollock, 89 Ala. 351,

---

356, 7 South. 904; Nordlinger v. Gordon, 72 Ala. 239, 240).

[4, 5] It is obvious, therefore, that the court must and does at the outset take judicial cognizance of the writ and of the bond and affidavit before it can submit the statutory issue of fact to the jury. The trial of the right of property, as authorized by the statute, presupposes the existence of a valid writ and its levy upon the property claimed. If the writ is invalid, void upon its face, or bears no officer's return showing its levy, there can be no trial, since, as observed by Stone, J., in Jackson v. Bain, 74 Ala. 328, 330, the plaintiff "falls before he reaches the adversary's outworks." In such a case the claimant, having complied with the statute, would be entitled to judgment as a matter of law. Jackson v. Bain, supra, 74 Ala. 330, 331; Nordlinger v. Gordon, 72 Ala. 239, 240; Brown v. Hurt, 31 Ala. 146.

[6, 7] By filing his affidavit and bond the claimant conclusively admits the fact and validity of the levy, if officially indorsed and returned, but not the validity of the writ itself. Bradford v. Bassett, 151 Ala. 520, 44 South. 59; Sloan v. Hudson, 119 Ala. 31, 24 South. 459; Dollins v. Pollock, 89 Ala. 351, 7 South. 904; Hill v. Rentz, 201 Ala. 527, 78 South. 881. But mere irregularities which do not render the writ void on its face are of no consequence in this proceeding, and are of no avail to the claimant. Carter v. O'Bryan, 105 Ala. 305, 314, 16 South. 894, and cases cited; Nordlinger v. Gordon, 72 Ala. 239.

From the language of the statute (section 6040), and from the numerous decisions of this court, we deduce the rule that the trial court must, of necessity, take judicial notice of the writ as returned by the officer, as well as of the affidavit and bond filed by the claimant, as the primary records in the case, upon which its jurisdiction is founded; from which it results that it is wholly unnecessary for either party to introduce them in evidence upon the issue submitted to the jury.

[8, 9] In practice parties have frequently introduced those documents in evidence, and they have always been held to be properly admitted. Cochran v. Garrard, 150 Ala. 579, 43 South. 721; Schamagel v. Whitehurst, 103 Ala. 260, 15 South. 611; Guy v. Lee, 81 Ala. 163, 2 South. 273, and cases cited; Pulliam v. Newberry's Adm'r, 41 Ala. 175; Gayle v. Bancroft's Adm'r, 22 Ala. 316. In contests between a plaintiff in execution and a donee or purchaser from the defendant in execution, the issue of actual or constructive fraud may be presented, and the existence and date of the plaintiff's debt becomes material and decisive. In such cases the debt is sufficiently proven by the introduction in evidence of the writ of execution, from which a valid judgment is presumed. Cochran v. Garrard, 150 Ala. 579, 43 South. 721. But, of course, the debt may as well be proven by other means, and the writ need not be used except as a matter of choice and convenience. So, the bond and affidavit may contain recitals which are relevant as admissions or contradictions, and may be used for those purposes, just as any other competent evidence may be used, upon questions affecting title, identity, or value. But they are aids merely, and not necessities in the proof.

In the case of Jackson v. Bain, 74 Ala. 328, the second headnote is misleading, unless read in connection with the opinion, which merely holds that the record must show a levy of valid process, and does not require the plaintiff to formally introduce the writ in evidence. The same criticism may be made of the first headnote in Brightman v. Meriweather, 121 Ala. 602, 25 South. 994, where it was said in the opinion that "the burden was on the plaintiff to show the levy of a valid execution on the property"—citing Jackson v. Bain, supra. Very clearly it was intended to say merely that a valid execution must appear, for the court proceeded to take cognizance of the transcript of the record as showing that there was no valid judgment to support the execution.

In Schamagel v. Whitehurst, 103 Ala. 260, 15 South. 611, it was remarked that since the bond and affidavit admitted the levy of the attachment process, it was unnecessary for the plaintiff to prove it. In that case, also, the headnote is misleading in its possible implication that without the introduction in evidence of the bond and affidavit plaintiff must offer some other evidence of the fact of the levy. That question, however, did not arise and was not decided.

The decision of this court in Weinstein v. Yielding, 167 Ala. 347, 52 South. 591, is no doubt traceable to the misleading and ambiguous expressions found in the headnotes and opinions above referred to. It was there held that it was incumbent upon the plaintiff to prove the levy of valid process, and, failing to introduce in evidence the attachment writ and levy, as shown by the bill of exceptions, the claimant was entitled to the general affirmative charge. That case is not in harmony with the settled law and practice in such cases, and must be overruled.

In the instant case the record shows a valid writ of attachment, with the return of the officer showing its levy on the property in suit, and it was not necessary for the plaintiff to introduce the paper in evidence upon the issue of fact submitted to the jury.

[10-12] Section 6043 of the Code provides that "when the claim interposed is based on a mortgage or lien the claimant must state in his affidavit the nature of the right which he claims." Under this requirement, it is

sufficient if the affiant simply states that he claims under a mortgage, or under a lien, and a further specification of the claim is not necessary, since the rules of special pleading have no application in this proceeding. The claimant's affidavit in this case stated that his claim was based on a mortgage given by Jackson, the defendant in attachment, to the claimant, McDonald. His mortgage was in fact executed by Jackson to J. N. Stephens, who transferred it to the Bank of Clio, by whom it was in turn transferred to claimant. If the affidavit were treated as a pleading, no doubt this would be a variance curable only by amendment. But we do not so regard it, and claimant's proffered amendment of the affidavit was not necessary to the availability of the mortgage as a basis for his claim. The rejection of the amendment, except upon the terms imposed, i. e., payment of the costs of suit up to that time, was therefore harmless error, if erroneous—a point we need not now decide, in view of the fact that the mortgage was admitted in evidence without objection, and the issue was evidently determined upon the question of the priority of the conflicting claims.

The evidence showed without dispute that plaintiff in attachment had a claim for advances made to her tenant, Jackson, which was a prior lien upon the corn in suit grown upon the rented premises; and we find nothing in the evidence to support the contention that the landlord's lien was waived or barred by any conduct on the part of plaintiff that amounted to an estoppel against its assertion.

[13] In this state of the evidence the intervention failed, and plaintiff was entitled to a verdict if the jury believed the evidence. Brothers v. Russell, 195 Ala. 643, 71 South. 450.

Finding no error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

McCLELLAN, THOMAS, and BROWN, JJ., dissent.