(103 So. 600)

### MONROE COUNTY GROWERS' EXCHANGE v. HARPER.   (I Div. 593.)

(Court of Appeals of Alabama.   March 24, 1925.)

1. Attachment ⟜289—Mere irregularities not available to claimant in claim suit.

Mere irregularities, which do not render a writ of attachment void on its face, are not available to a claimant in a claim suit.

2. Judgment ⟜342(1)—Cannot be annulled by trial court after term.

Under Code 1923, § 7858, a circuit court cannot set aside a judgment after term of court at which judgment was rendered.

3. Attachment ⟜217—Consent judgment may be entered in attachment suit without abatement of pending claim suit.

Under Code 1923, § 6216, prohibiting judgment against defendant when claim has been interposed except when personal service is had on defendant, if parties to attachment suit agree to a judgment fixing amount due, such judgment may be entered at once without abatement of pending claim suit, and such judgment does not affect claimant, nor can he complain thereof.

**4. Appeal and error ☜71 (2)—Attachment ☜302—Claim suit triable independently of attachment suit; separate appeal lies from judgment in claim suit.**

A claim suit is triable on its own issues independently of the attachment suit, and from judgment in such suit claimant has right of independent appeal.

**5. Attachment ☜289, 303—Return and bond and affidavit in attachment suit are basis of court's jurisdiction in claim suit; invalidity not irregularity, of writ can be urged by claimant.**

In trial of claim suit, the return of officer making levy in attachment suit, together with bond and affidavit, are basis of court's jurisdiction in claim suit, and, if writ is void, plaintiff fails, but mere irregularities cannot be raised by claimant.

**6. Attachment ☜307—Issue in trial of right of property in suit by attachment levied on property to enforce lien, stated.**

In absence of evidence tending to prove conflicting liens, the issue in trial of right of property, in suit by attachment levied on crops to enforce a claim for rent, is: Did defendant in attachment at time lien accrued own such property in the chattel as is the subject of levy and sale under process?

**7. Attachment ☜308 (3)—Questions in claim proceeding as to notes sued on in attachment suit held properly excluded.**

Where undisputed evidence in a claim suit showed that notes sued on in the attachment suit were given for rent of premises upon which potato crop levied on grew, and claimant made no offer to prove contrary, and as filing of affidavit and claim bond admits levy and estops claimant from denying levy, *held*, that question, asked plaintiff on cross-examination, as to whether notes which he had "were notes sued on in this case," was properly excluded as not being relevant in issues being tried in claim suit.

**8. Attachment ☜308 (3)—Evidence as to contract between defendant in attachment and claimant, to which plaintiff not a party, inadmissible.**

Evidence of contract between defendant in attachment and claimant, to which plaintiff was not a party, is not binding on plaintiff and is inadmissible in claim suit.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Attachment suit by George H. Harper against R. A. Galloway, and claim by the Monroe County Growers' Exchange. Judgment for plaintiff, and claimant appeals. Affirmed.

Barnett, Bugg, Lee & Jones, of Monroeville, for appellant.

The trial court was without authority to set aside or vacate the judgment against defendant. Code 1907, § 4143; Acts 1915, p. 708; Taylor v. Jones, 202 Ala. 18, 79 So. 356; W. U. Tel. Co. v. Bowen, 16 Ala. App. 253, 76 So. 985; North Birmingham Co. v. Hearin, 211 Ala. 18, 99 So. 175; Sexton v. Harper, 210 Ala. 601, 99 So. 89; First Nat. Bank v. Morrow, 19 Ala. App. 459, 98 So. 34; 23 Cyc. 733; Cofer v. Reinschmidt, 121 Ala. 252, 25 So. 769. By obtaining judgment, plaintiff waived his right to a lien on the property. Code 1907, § 2969. The affidavit in attachment was insufficient. Code 1907, § 4739; Busbin v. Ware, 69 Ala. 279; Jackson v. Bain, 74 Ala. 328. A lien may be waived or lost by operation of law, or by implication from the acts and conduct of the lien holder. 25 Cyc. 673; 24 Cyc. 1272; Tobias v. Morris, 126 Ala. 535, 28 So. 517; Ashurst v. Ashurst, 119 Ala. 219, 24 So. 760; Powers v. Harris, 68 Ala. 409. Claimant should have been permitted to show the notes sued on were given for rent due plaintiff. Code 1907, § 2961. A writ of attachment based upon an insufficient affidavit is void. Wigs v. Ringemann, 155 Ala. 189, 45 So. 153; Busbin v. Ware, 69 Ala. 279.

Hybart & Hare, of Monroeville, for appellee.

Mere irregularities, which do not render the writ void on its face, are of no consequence, and are of no avail to claimant. Ellis v. Martin, 60 Ala. 394; McDonald v. Stephens, 204 Ala. 359, 85 So. 746. The affidavit may be amended. Bradford v. Bassett, 151 Ala. 520, 44 So. 59; Code 1907, § 2965; Savage v. Atkins, 124 Ala. 378, 27 So. 514. Execution of claim bond estopped appellant to deny the levy. Sloan v. Hudson, 119 Ala. 27, 24 So. 458; Pope v. Glenn, 200 Ala. 169, 75 So. 917; Schloss v. Inman, 129 Ala. 424, 30 So. 667. The parties may at any time agree to the vacation of a judgment. 23 Cyc. 905; Lee v. Huston, 20 Ala. 301; Kidd v. McMillan, 21 Ala. 325; Buchanan v. Thomason, 70 Ala. 401; Glass v. Glass, 76 Ala. 368; Ex parte Ala., etc., Co., 193 Ala. 496, 69 So. 115.

SAMFORD, J. On the 31st day of May, 1922, plaintiff sued out a writ of attachment by making affidavit and giving bond against R. A. Galloway as defendant. This writ was on June 17, 1922, levied on certain potatoes, as the property of defendant. On the date of levy this claimant filed a claim bond and affidavit asserting claim to the property attached. There was another levy and claim bond, not necessary here to set out. On August 2, 1922, plaintiff filed his complaint claiming amounts due plaintiff on two promissory notes, with waiver of exemptions as to personal property. On October 6, 1922, by agreement between plaintiff and defendant, and while the claim suit was pending, a judgment was rendered in favor of the plaintiff for $596.50, with waiver of exemptions and a provision for execution. It was further ordered that the claim suit was continued

until the next term of the court. In March, 1923, the claimant moved the court to dissolve the levy of the attachment on various grounds stated, which raised the point that by accepting a judgment by agreement with a general order for execution and without fixing a lien for rent, and the complaint not claiming for rent or a lien on the property levied on, that thus the obligation as between plaintiff and defendant had become fixed as to the property included in the claim suit, and that plaintiff had waived his lien for rent, and whereupon on October 4, 1923, plaintiff filed a motion to set aside and annul the judgment theretofore rendered and to reinstate the cause on the docket on the ground that the court was without power to render judgment before a disposition of the pending claim suit and the defendant consented to the granting of this motion. The court overruled the motion of claimant to quash the levy and granted plaintiff's motion to annul the former judgment and for reinstatement of the cause, and these rulings present the first assignments for review.

[1, 2] There can be little doubt that mere irregularities which do not render a writ of attachment void on its face are not available to a claimant in a claim suit. Carter v. O'Bryan, 105 Ala. 305, 16 So. 894; McDonald v. Stephens, 204 Ala. 359, 85 So. 746. This for the reason that irregularities may be cured by timely amendments; but if the writ is void, it would be open to attack by the claimant. McDonald v. Stephens, supra; Bradford & Sons v. Bassett, 151 Ala. 520, 44 So. 59. It would also seem to be equally certain that a circuit court is without authority to set aside or annul a valid judgment after the term of court at which the judgment was rendered. Code 1923, § 7858. Taylor v. Jones, 202 Ala. 18, 79 So. 356; Sexton v. Harper, 210 Ala. 691, 99 So. 89; First National Bank of Lawrenceburg v. Morrow et al., 19 Ala. App. 459, 98 So. 34; Ex parte Margart, 207 Ala. 604, 93 So. 505.

[3] Under section 6216 of the Code of 1923, no judgment can be rendered against the defendant in attachment when a claim has been interposed to try the rights of property, except in certain cases, one of which exceptions is where personal service by summons and complaint is had on defendant. The consent of the defendant to the rendition of the judgment would be a waiver by him of personal service, a fact of which he alone could complain. The provision of the statute as to a delay in the main suit in attachment is for the protection of the parties to the original suit, and if they agree to a judgment fixing the amount due, such judgment may be entered at once without abatement of the claim suits then pending. The claimant is in no way affected by this judgment and cannot complain.

[4] The claim suit, while dependent for its beginning on the levy in the attachment suit, is none the less triable upon its own issues, independent in a large measure of the main suit. If the finding is for or against the claimant, that is the end of the matter so far as he is concerned, and from any judgment entered in the claim suit an independent appeal lies. Wheeles v. N. Y. S. D. Works, 129 Ala. 393, 29 So. 793.

It therefore appears that the first judgment rendered in this case in the main suit is still in full force and effect; but notwithstanding that fact, the claim suit is not abated and stood for trial as an issue between plaintiff and claimant.

[5] In the trial of the claim suit, the return of the officer making the levy in the original suit, together with the bond and affidavit of the claimant, became papers in the cause and are the basis of the court's jurisdiction to proceed to the trial of the issues in the claim suit. If the writ is void, the plaintiff fails; but mere irregularities in its issue, such as amendable defects in the initial affidavits, are of no consequence in this proceeding and cannot be raised by the claimant. McDonald v. Stephens, 204 Ala. 359, 85 So. 746; Jackson v. Bain, 74 Ala. 328. The case of Busbin v. Ware, 69 Ala. 279, was the trial of the main suit and the affidavit was attacked by the defendant. That case has no application here.

[6, 7] The original suit in this case was brought by the plaintiff by attachment levied on crops, to enforce a claim for rent. Whether the claim was evidenced by note or other written evidence means nothing to the claimant. The complaint declared on two promissory notes; the judgment entered merged these notes into a judgment. In the absence of evidence tending to prove conflicting liens, the issue in the trials of the right of property is: Did the defendant in attachment at the time the lien accrued own such property in the chattel as is the subject of levy and sale under the process? Allison v. Pattison, 96 Ala. 159, 11 So. 194; Foster v. Goodwin, 82 Ala. 384, 2 So. 895. The evidence in this case is without conflict that the notes sued on were for rent of the land on which the potatoes levied on were grown, and all other facts were proven without conflict entitling plaintiff to a lien. These facts having been testified to, claimant's counsel asked plaintiff, on cross-examination, if the rent notes which he had "were the notes sued on in this case." Objection was sustained to this question and exception was reserved. There were several exceptions taken to questions of a similar import.

These questions called for evidence not relevant in the issues then being tried in the claim suit. The filing of the affidavit and claim bond admits the levy and estops the claimant from denying the levy. Schamagel v. Whitehurst, 103 Ala. 260, 15 So. 611. Moreover, the undisputed evidence in this case showed that the notes sued on in the

attachment complaint were given for rent of the premises upon which the potatoes grew and claimant made no offer to prove to the contrary. Davis' v. L. & N. R. R., 14 Ala. App. 200, 69 So. 231; Birmingham Bottling Co. v. Morris, 193 Ala. 627, 69 So. 85.

[8] Evidence of a contract between the defendant in attachment and claimant, to which plaintiff was not a party, could not bind plaintiff and was inadmissible.

The evidence being without conflict that there was a valid attachment writ, that it was levied on property of defendant subject to plaintiff's landlord's lien, and liable to its satisfaction, the affirmative charge for plaintiff was proper.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.