# Moberly *v.* Peek.

*Attachment for Rent, Plea, Former Recovery.*

1. *Evidence of contract between landlord and tenant, admissible in action against sub-tenant.*—When, in an action by the landlord to recover rent, the defendant pleads that he obtained possession from the lessee, who was authorized in writing to lease the lands and receive the rents, and the landlord replies that his lessee has broken his agreement, and that the written contract had been rescinded, the contract, as well as evidence of the breach of it, or of its rescission, is admissible.

2. *Former recovery, plea of, when defective.*—A second suit is not barred by former recovery, unless the first one was brought on the same cause of action, or on part of one and the same indivisible contract, and a plea which fails to aver, or a replication which fails to negative, this fact, is defective.

3. *Same ; must show jurisdiction.*—A plea of former recovery which fails to aver, or show in some way, that the court which tried the first suit had jurisdiction of the subject matter, is defective.

APPEAL from Talladega Circuit Court.
Tried before Hon. JOHN HENDERSON.
Ichabod Moberly obtained an attachment against Solomon

[Moberly v. Peek.]

Peek from the clerk of the Circuit Court of Talladega county. The attachment was issued for rent of land, the affidavit stating that S. Peek had removed part of the crops grown on the rented premises without the consent of Moberly, the landlord. The defendant pleaded : 1. The general issue. 2. Set-off. 3. "Former adjudication in favor of defendant of the matter in dispute as set up by the complaint in this, that plaintiff sued defendant for rent of land for the year 1877, being the rent, or a portion of the rent sued for in this case, upon an attachment for rent issued by James Lawson, justice of the peace for said county, and the said suit, upon said attachment, was tried before the said justice, before the commencement of this suit, and was determined by said justice in favor of defendant before the commencement of this suit by a judgment in said Lawson's court for the defendant." 4. "And the defendant, for further plea to said cause of action, says that the plaintiff did, on the 5th day of October, 1877, bring an action against the defendant, &c., in the justice's court, Talladega county, Alabama, before James Lawson, then acting as justice of the peace in said county, for rent of land for the year 1877. Said action was brought by attachment for rent, by the plaintiff alleging himself as landlord, and against the defendant as tenant, and said action was tried and determined by said justice, in his court at the place of holding the same. The said parties being present at the trial, a judgment in said action was rendered in said cause, by said justice in favor of the defendant. The bringing of said action, and the judgment therein, occurred before the institution of this suit. Defendant avers that plaintiff sued in said action before said justice for the recovery of the value of a portion of said rent sued for in this action, alleging and claiming the said value to be $25." The plaintiff demurred to the 3d and 4th pleas, because they did not aver that the suit before the justice was on the same contract sued on in this case. 2. Because it did not aver that the justice had jurisdiction to try and determine the suit mentioned in the plea. 3. Because it does not aver that the judgment mentioned in the plea is of full force, and unreversed. He also demurred to the 4th plea on the same grounds. The court overruled plaintiff's demurrer to defendant's pleas, and he took issue on the plea of set-off, the statutes of limitation of three and six years, and filed a replication to the third and fourth pleas, stating that " one-fourth of 3,300 pounds of seed cotton (alleged to be worth $25) was all that was sued for in the action mentioned in said plea, and the said amount of cotton was all that had been gathered by defendant at the time said suit was insti-

tuted, and was all that was claimed to be due in said action."
The defendant demurred to this replication, because it did
not set out the exact character of the suit mentioned in said
plea, and set up no matter avoiding the force and effect of
the pleading and determination of the suit mentioned in the
plea, and because said plea set up no other or different
promise, or undertaking of defendant, growing out of the sub-
ject matter in controversy in the suit mentioned in the plea,
than that which is mentioned in said plea, whereby the de-
fendant would be bound in this action.    The court sustained
the demurrer.   On the trial, plaintiff offered evidence tend-
ing to show that defendant had cultivated as his tenant, dur-
ing the year 1877, about seventy-five acres of land, which was
a part of plaintiff's plantation in Talladega county ; that the
agreed rent was one-third of the wheat, oats and corn, and
one-fourth of the cotton grown, as they were gathered ; that
defendant had paid one-third of the wheat and oats, but had
not paid the rent out of the corn and cotton, and proved the
value of one-fourth the cotton and one-third of the corn
grown on the land during that year.   Defendant proved the
execution of the following agreement between plaintiff and
H. C. Rogers, viz :   "The said Moberly has put the said
Rogers in full control and management of his farm, in rent-
ing out and collecting the rents.  The said Rogers is to sup-
port the said Moberly, pay the taxes on the land, repair
fences, &c., and the balance of the rent is to pay him for his
labor and trouble."   Plaintiff objected to the reading of this
paper to the jury, on the ground that it was irrelevant.   2.
Because it was void for uncertainty.   The court overruled
the objection, and plaintiff excepted.   The defendant, while
being examined as a witness, stated that he had lived in
plaintiff's house from 1871 to 1877, and on cross-examination
stated, but not in response to any question, that "he moved
away to keep down a fuss."   Plaintiff objected to this evi-
dence, and moved to exclude it, but the court overruled his
objection, and the motion to exclude, and plaintiff excepted.
The defendant offered in evidence the attachment issued by
one Lawson, justice of the peace, at the instance of Ichabod
Moberly, against Solomon Peek for $25, on the ground that
said Peek had removed part of the crop without paying the
rent.   He also offered the affidavit for attachment and the
bond, and the endorsement of the levy.   The plaintiff ob-
jected as each was offered, but the court overruled his objec-
tions, and the plaintiff excepted as the evidence was allowed.
The justice of the peace testified that "there was a trial be-
fore a jury," and an "appeal bond was given."   The plaintiff
objected to each of these statements as evidence, but the

court overruled the objection, and the plaintiff excepted. Numerous other objections were presented to the introduction of evidence, but it is not necessary to set them out here, nor is .it necessary to set out the charges of the court to which exceptions were reserved by the court, as they in no way affect the matters passed on. There was a verdict for defendant, and the action of the court in overruling plaintiff's demurrer to defendant's pleas, in sustaining defendant's demurrer to plaintiff's replication, and on the admission of evidence, is assigned as error.

PARSONS & PARSONS, for appellant.

BRADFORD & BRADFORD, for appellee.

STONE, J.—This suit, brought by appellant, originated in an attachment for rent. The defense is threefold. *First*, it is claimed by defendant that Moberly, the owner of the land, let it to H. C. Rogers on an executory consideration, who was to control and rent out the lands, and was himself entitled to receive the rents; and that defendant obtained the right to occupy, use and cultivate the lands from Rogers, and not from Moberly. To this plaintiff relies on two replications; first, that Rogers had failed to observe his part of the agreement, and thereby put an end to it; second, that the parties had rescinded the contract by mutual agreement. Peek's *second* defense is set off, to which the plaintiff replies the statutes of limitation of three and six years. The *third* ground of defense is former recovery, in a suit brought by Moberly before Lawson, a justice of the peace, for a part of the identical rent herein sued for. Testimony pertinent to each of these issues was admissible. Under the first line of defense, the contract between Moberly and Rogers, which was in writing, was admissible. So, also, any evidence tending to show that Rogers had, or had not performed his part of the contract, or, that the contract had or had not been rescinded, was competent, and should have been received. The testimony on most of the disputable questions was greatly conflicting.

The plaintiff interposed demurrers to the third and fourth pleas. The third plea is defective in not averring that the two suits were founded on one and the same contract of renting. To bar a second suit, the first must have been brought on the same cause of action, or upon a part of one and the same contract, which is admissible.—*S. & N. Railroad Co. v. Henlein*, 56 Ala. 368. It is also defective in not averring, in some way, that the justice had jurisdiction of the cause tried

[Ex parte Sibert.]

before him. If the plea had averred the amount claimed in that suit, and that amount did not exceed one hundred dollars, this would have shown the justice had jurisdiction of the subject matter. It is also customary in such pleas to aver the judgment relied on in bar of a second suit, remains of full force and unreversed. The fourth plea is substantially good.

The replications to the third and fourth pleas are insufficient. They do not negative the oneness of the contract.

That the defendant moved away from plaintiff's lands "to keep down a fuss," could shed no light on any issue in this cause, and should not have been allowed to go to the jury.

This is an error of statement in the 8th subdivision of the general charge. The defendant did not set up a written contract between plaintiff and himself. The written contract set up was between plaintiff and Rogers.

We find no other errors in the record.

Reversed and remanded.