# Weinstein & Sons *v.* Yielding Bros. & Co.

## *Attachment.*

(Decided May 12, 1910.   52 South. 591.)

1. *Attachment; Claim Suit; Burden of Proof.*—Where the trial of right of property is between the attachment creditor and the claimant of goods attached, the attachment creditor has the burden of showing the levy of process to make out a prima facie case, and· where no levy or attachment was shown to have been made, the attachment creditor is not entitled to recovery.

2. *Same; Proceedings; Parties.*—Where no question of coveture is involved, it is immaterial whether S. L. W. on whom the attachment was levied was a man or a woman.

3. *Same; Claim; Evidence.*—Where the issues involved was a trial of right of property between an attachment creditor and a claimant of goods, it was competent to admit in evidence the attachment defendant's claim ðf exemption, which was contemporaneous with a sale of the attached goods to claimant, and defendant's failure.

4. *Evidence; Best Evidence; Sale.*—A sale and delivery of goods need not be proven by the introduction of the bill of sale or bill of lading.

5. *Witnesses; Competency; Knowledge.*—One who saw goods sold and knew that they were sold is competent to testify as to the sale although not making the sale himself.

6. *Appeal and Error; Harmless Error; Evidence.*—In an attachment proceeding where certain goods sold by plaintiff to claimant were not identified as part of the goods sought to be attached as the goods of the defendant, it was harmless error to exclude evidence as to the sale and delivery of such goods, since it was immaterial what goods were sold the claimants.

7. *Same; Error Favorable to Appellant.*—A plaintiff cannot complain of the defendant giving away exempt property, and hence, in an attachment proceeding in which others claimed the goods, any

error in admitting in evidence, defendant's claim of exemptions was favorable to claimant if such exemption involved the goods sought to be attached.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Attachment proceedings by Yielding Bros. & Co., against S. L. Weinstein, in which M. Weinstein & Sons, a copartnership, intervened as claimants. From a judgment for plaintiffs, claimants appeal. Reversed and remanded.

The evidence for the plaintiff tended to show that the goods were levied on in the store on Nineteenth street, between Second and Third avenues, in the city of Bessemer, under an attachment against S. L. Weinstein, but the attachment writ, affidavit, etc., were not introduced. There seems to have been a question as to whether S. L. Weinstein was a woman or a man. It seems that S. L. Weinstein was the wife of M. Weinstein, and conducted a business in several different places in Bessemer for about five years prior to December 1907, and on December 26, 1907, M. Weinstein & Sons acquired a part of the stock of goods by purchase after S. L. Weinstein had filed her claims of exemption to the same on December 16, 1907. Kronenberg was introduced as a witness for the plaintiff, and testified that on January 25, 1908, he sold and delivered to claimant certain shoes, which were levied on; that he shipped them by railroad, and received a bill of lading for the shipment. Failing to produce the bill of lading, on motion of the plaintiff the court excluded the statement as to the shipment, and as to the sale and delivery. The same thing was true as to the witness Goldstein, who testified as to other goods sold claimants, but whose evidence was ruled out. The statement of neither Kronenberg nor Goldstein identified the goods sold by them as part and parcel of the goods levied on and claimed.

[Weinstein & Sons v. Yielding Bros. & Co.]

GEORGE HUDDLESTON, for appellant. The court erred in permitting proof of the value of the entire stock as other goods had been added and the question was as to the value of the goods at the time of the sale.—*Tobias v. Treist,* 103 Ala. 664. The claim of exemption was not admissible for any purpose.—*Teague Co. v. Lindsey,* 106 Ala. 266. The court erred in excluding the evidence of the sale of certain shoes to claimant on the ground that the bill of lading was the best evidence.—*Bunzel v. Maas,* 116 Ala. 68; *Smith v. Dinkelspeil,* 91 Ala. 528; *Foxworth v. Brown,* 120 Ala. 59. There was no sufficient evidence upon which the doctrine of confusion of goods might have been brought into operation, and the court erred in permitting evidence that one of the claimants refused to point out to the sheriff goods which had formely belonged to the defendant.—*Lehman v. Kelly,* 68 Ala. 192. No levy or attachment was shown, and hence, the claimant was entitled to the affirmative charge.—*Jackson v. Bain,* 74 Ala. 328; *Cochran v. Garrard,* 150 Ala. 579. Counsel discuss other assignments of error not necessary to be here set out.

PINKNEY SCOTT, for appellee. No brief reached the Reporter.

ANDERSON, J.—This was a trial of the right of property, and it was incumbent upon the plaintiff, in order to make out a prima facie case, to prove the levy of valid process. The bill of exceptions purports to contain all of the evidence, and there is nothing to show that the attachment writ and levy were introduced in evidence. This being true, the claimant was entitled to the general charge, the refusal of which was error.— *Jackson v. Bain,* 74 Ala. 328; *Cochran v. Garrard,* 150 Ala. 579, 43 South. 721. .

Kronenberg did not have to produce the bill of lading in order to show a sale or delivery of the goods testified to having been sold; but the trial court will not be put in error for sustaining the motion to exclude his evidence, as the articles sold were not identified as part of the goods involved in this suit. If Kronenberg sold the claimants the goods involved, or some of them, then what he sold could not be subjected to the attachment against the defendant; but, unless the goods sold by Kronenberg formed a part of the goods involved in this suit, it was immaterial how many goods this witness sold the claimants.

Goldstein's testimony should not have been excluded upon the ground that he did not sell the goods himself, as he stated that he remembered the transaction and knew that it occurred. Whether he sold the goods in person or not, if he saw them sold, and knew that they were sold, he could testify to said sale. But the action of the court can be sustained for excluding this evidence, for the reason discussed in dealing with evidence of Kronenberg.

There was no question of coverture involved, and it was immaterial whether the plaintiff thought S. L. Weinstein was a man or a woman.

The claim of exemption was contemporaneous with the sale and failure of the defendant, and there was no error in allowing it in evidence. Moreover, if it contained the goods involved, it was favorable to the claimants, for the plaintiff cannot complain if she gave away property that had been legally exempted to her.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.