# Howell v. Roll.

### Assumpsit.

(Decided Nov. 29, 1910.    53 South. 911.)

*Landlord and Tenant; Rent; Sub-letting; Recovery.*—Where the agent of the plaintiff upon defendant's application re-rented the premises in the defendant's name, and as long as the new tenant remained in possession, the defendant paid the difference between the amount under his lease contract and that for which the property has been re-rented, and the sub-tenant abandoned the premises, the landlord may recover rent for the remainder of the term from the defendant under the written lease in the absence of evidence of any authority of plaintiff's agent to abrogate the lease, or evidence that he was held out as having such authority.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Lizzie G. Howell against J. H. Roll for balance due under a written contract of rent. From an insufficient judgment for plaintiff she appeals. Reversed and remanded.

[Howell v. Roll.]

Von L. Thompson, for appellant. The plaintiff was entitled to a verdict for the entire amount and the court should have given the affirmative charge without qualification.—*Ala. G. L. I. Co. v. Mobile L. I. Co.*, 81 Ala. 329, and authorities there cited. As to the question of agency: *Singer M. Co. v. McLean*, 105 Ala. 316; *Steen v. Sanders*, 116 Ala. 155; *Bradford v. Bush*, 10 Ala. 389.

W. T. Hill, for appellee. No brief came to the Reporter.

SIMPSON, J.—This action is by the appellant against the appellee, on common counts and a special count, seeking to recover rentals claimed to be due on a written lease contract. The testimony on the part of the plaintiff is all in writing, in the shape of depositions, and letters, admitted by the defendant to be genuine, showing the correspondence between plaintiff and defendant. The written lease is clear and explicit, and admitted by the defendant.

The evidence is without conflict that the firm of Forest & George Adair were real estate agents of plaintiff to rent out her properties; that they reported leases to her, and had no authority to release or abrogate the same without her consent. The correspondence shows conclusively that, when the defendant inquired of them on what terms he could be released from his rental contract, said firm replied that all they could do was to re-rent the premises for him; that they did re-rent in his name, and as long as the tenant remained he paid $10 per month, the difference between the amount for which they re-rented the property, and that which defendant was to pay, but after the tenant left, being insolvent, they demanded the entire rent of defendant, according

to the contract; that defendant had sent the second renter to said firm, with the request that the firm rent to him.

The only defense offered in the defendant's own testimony is that, after receiving the answer to his first letter, defendant went to Atlanta and had a conversation with one Beasely, who is not shown to be a member of said firm, but had charge of the rental department of their firm, and conducted the negotiations with defendant, which culminated in the written contract of lease, and that said Beasely told him that if he would put the premises in the same condition as when he entered, when they got a renter they would release him, and that he put the premises in condition, and when they found they had to rent the property for less by $10 than defendant was to pay, he agreed to pay the difference, all of which is denied by Beasely. There is no evidence tending to show that either said firm or said Beasely had any authority to release or cancel rental contracts, or that they were held out to the world as having such authority.

The court gave the general charge in favor of the plaintiff, but went on to qualify it to the effect that the plaintiff could recover only the $10 per month. In this the court erred. The plaintiff was entitled to the general charge, without qualification.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.