(85 South. 390)

MOONEYHAM v. HERRING.    (4 Div. 870.)

(Supreme Court of Alabama.   April 22, 1920.
On Rehearing, June 3, 1920.)

**1. Landlord and tenant ⬡328(2)—Crops raised by subtenant liable to lien of original landlord.**

Under Code 1907, § 4744, crops raised by subtenant are liable to lien of original landlord, though there is no privity of contract between them.

**2. Appeal and error ⬡1005(4)—Verdict supported by substantial evidence not disturbed, though against the weight thereof.**

Where the verdict was supported by substantial evidence, and new trial was denied, the verdict will not be disturbed, though in the opinion of the appellate court it was against the weight of the evidence.

**3. Trial ⬡66—Reopening of case discretionary.**

Under Code 1907, § 5351, affirming the rule of common law, the reopening of a case is discretionary with the trial judge, although the discretion should be exercised for the advancement of the ends of justice.

**4. Trial ⬡68(1)—Refusal of reopening not abuse of discretion, where party might have introduced evidence.**

It was not an abuse of discretion for the trial court to refuse to permit the reopening of a case for further evidence, where plaintiff, knowing of an available deposition, failed to introduce it, although attempting to protect himself by reserving the right to reopen in case of surprise, for party cannot speculate on the result or the probabilities of his opponent introducing evidence, and then have his case reopened to introduce it himself.

**5. Trial ⬡68(1)—Plaintiff held not surprised, so as to be entitled to reopen his case.**

Where plaintiff failed to introduce a deposition which was in part favorable to him and in part favorable to defendant, but closed with a reservation of the right to reopen in case of surprise, such reservation did not entitle plaintiff to reopen, where the opposite party did not introduce the deposition.

**6. Appeal and error ⬡263(1) — Exceptions must be reserved for oral charge to be reviewed.**

For assignments of error based on the oral charge to be reviewed, exceptions must be reserved to the charge.

On Rehearing.

**7. New trial ⬡70—Motion granted where verdict against overwhelming weight of evidence.**

Where the evidence overwhelmingly showed that claimant was plaintiff's undertenant, so that crops were subject to the landlord lien of plaintiff, motion for new trial should have been granted, though the verdict for claimant was supported by a scintilla of evidence.

**8. Attachment ⬡308(4)—Proof of validity of attachment not essential to defeat claimant.**

Claimant of property seized under attachment is not entitled to a general charge, on the theory that the execution in favor of plaintiff was insufficient to make out a prima facie case, because there was no proof of the validity of the attachment writ.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Action between N. H. Mooneyham and Mrs. Gussie Herring, under claim to certain property levied on by Mooneyham as the property of J. F. Herring.   Judgment for claimant, and plaintiff appeals.   Transferred from Court of Appeals under Acts 1911, p. 450, § 6.   Reversed and remanded on rehearing.

G. E. Jones and George W. Peach, both of Clayton, E. W. Norton, of Clio, and J. J. Mayfield, of Montgomery, for appellant.

Subtenant's only right is to have the landlord first exhaust the crops of tenant in chief.   Section 4734, Code 1907; 102 Ala. 464, 14 South. 770.   The court should have set aside the verdict and granted a new trial, because the verdict was contrary to the evidence.   92 Ala. 630, 9 South. 738; 103 Ala. 566, 15 South. 846; 108 Ala. 236, 19 South. 309; 109 Ala. 600, 19 South. 699; 131 Ala. 422, 31 South. 4; 140 Ala. 312, 37 South. 289.   The plaintiff was entitled to the general affirmative charge as to the crops.

McDowell & McDowell, of Eufaula, and H. L. Martin, of Ozark, for appellee.

The process levied was not valid, and hence claimant was entitled to the affirmative charge.   167 Ala. 349, 52 South. 591. Counsel discuss the evidence and other assignments of error, but without further citation of authority.

SAYRE, J.   Trial of the right of property. An attachment in favor of appellant to collect rent and advances being levied on farm animals and crops on premises belonging to appellant and occupied by J. F. Herring, appellee, wife of defendant in attachment, interposed a claim to the property, and a jury found with her.   Appellant claimed that he had let the premises to Herring, and that the latter was indebted to him in a considerable sum on account of advances to him (consisting in the main of an old debt due by defendant to a bank and assumed by plaintiff) and one-third of the crop as rent.   Claimant's testimony that she owned the live stock was undisputed, and it also appeared without contradiction that claimant and her children had raised the crops, so that the trial of the issue whether the crops were liable for the husband's debt resolved itself into a contest as to whether the claimant

occupied the premises as subtenant under her husband, as appellant claimed, or as tenant in chief under appellant, as the claimant, appellee, claimed.

[1, 2] Under the statute (section 4744 of the Code), crops raised by a subtenant are liable to the lien of the original landlord, though there is no privity of contract between them. Bain v. Wells, 107 Ala. 562, 19 South. 774. Appellant requested the general affirmative charge on the idea that the evidence showed without conflict that claimant held as tenant in chief under him, and the court's refusal so to instruct the jury is assigned for error. When the Herrings moved upon appellant's place, they acted under a contract by which appellant let the place to Herring the husband, there can be no doubt; but it is equally clear that before a crop was pitched the husband had an offer of employment which would take him away from home most of the time, and consulted with appellant as to the propriety of accepting the offer. The evidence as to what followed is in conflict. It might be conceded that, as the question appears to us, the weight of the evidence was with appellant; but, upon the whole, our judgment is that appellee's theory of the case had substantial support in the evidence, that appellant was not due the charge requested, and that the trial court cannot be reversed in its ruling on the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 South. 738.

[3-5] Section 5351 of the Code of 1907 is but an affirmation of a rule of the common law. Under that rule it was a matter of discretion with the trial judge whether the case should be reopened at appellant's request for the purpose of allowing him to introduce additional evidence to the effect that the claimant held as tenant in chief under him. The evidence which appellant thus sought to get before the jury, after the court had refused appellant's request for the general charge, was a deposition of the claimant, in answer to interrogatories propounded to her by appellant under the statute, and we must presume that it had all along been on the file, and was accessible to appellant without trouble or delay. This discretion should be exercised for the advancement of the ends of justice, and appellate courts have gone far in their denial of control over the discretion when used to admit evidence. Walker v. Walker, 14 Ga. 242. But it seems to be well settled that it is not an abuse of discretion for the trial court to refuse to open a case to admit further evidence, where the party, knowing of the evidence and it being available, neglected to offer it in the first instance, and gives no satisfactory excuse for such neglect. 1 Thompson on Trials (2d Ed.) § 348. Such was the case with appellant. He speculated on the court's action, and lost. It is true that, when closing his case, he announced that he reserved the right to reopen it, "should any surprise develop," "which reservation," the bill of exceptions recites, "the court permitted and accepted." Appellant may have been surprised; but he had no right to be. Very likely he speculated upon the court's action on his requested charge, and, as an alternative, upon the effect on the jury of claimant's deposition, which tended to sustain him in part, but also contained matter not so favorable to his case. At any rate, we do not construe the court's acceptance of appellant's reservation as an assurance that the court would condone his withholding of evidence which should have been introduced in the first place.

[6] Some parts of the court's oral charge are assigned for error, but such assignments cannot be considered, for the reason that no exceptions were reserved at the trial. McPherson v. State, 198 Ala. 5, 73 South. 387.

Assignments numbered from 11 to 18, both inclusive, are based upon the action of the court in overruling the motion for a new trial. The motion depended upon points already noticed.

There is an argument in support of the tenth assignment of error; but there is no tenth assignment of error.

We find no error.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.

On Rehearing.

PER CURIAM. [7] Upon further consideration the court is of opinion that, if it should be conceded that there was a scintilla of evidence from which the jury may have inferred that claimant was Mooneyham's tenant, still the great weight of the evidence so overwhelmingly supported the plaintiff's contention that said claimant was a subtenant under the defendant in attachment, her husband, that it was error to overrule the motion of plaintiff in attachment for a new trial.

[8] Further, appellee, claimant, contends that she was entitled to the general charge for the reason that the execution in favor of plaintiff was insufficient to make out a prima facie case because there was no proof of the validity of the attachment writ—this on the authority of Weinstein v. Yielding, 167 Ala. 347, 52 South. 591, and cases there cited. But a similar contention was under review in this court very recently and the ruling there was against this contention of appellee. McDonald v. Stephens, post, p. 359, 85 South. 746. Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SAYRE, and GARDNER, JJ., concur.