(123 So. 209)

## LANCASTER v. HUGHES. (4 Div. 445.)

Supreme Court of Alabama. June 27, 1929.

Baldwin & Murphy, of Andalusia, for appellant.

G. W. Reeves, of Florala, for appellee.

THOMAS, J. The appeal challenged the failure to render judgment for the claimant as subtenant. The attachment was for rent of storehouse in several stories or compartments. Sections 8814, 6898, Code 1928.

The action of the trial court was the subjecting of claimant's property to the rent lien and charge of the landlord, against the tenant in chief. The claimant was a subtenant by the month, and had paid *his rent* or the reasonable price for the space occupied by him. The statute, section 8814, Code of 1928, provides a lien on the goods belonging to "the tenant * * * for his rent" and against the subtenant for his rent, or reasonable sum due for the space occupied, and for the term for which the subtenant bound himself. Samuel Gans Co. v. Tyson, 170 Ala. 513, 54 So. 237.

The witness should have been permitted to answer "how much he paid per month" as rental for the small space occupied by him and subrented by the month from Sullivan, the tenant in chief. However, the agent of

the landlord later stated that amount as "$7.-50 per month"; that she collected said amount from the claimant and credited the same to the rent account of Sullivan, the tenant in chief. The claimant, a witness, testified that the tenant in chief "did not rent it (the building) to (him) me for any certain length of time"; that he paid rent from time to time per month for his occupancy; that he owed no rent—or no sum for reasonable occupation—when the attachment was sued out against Sullivan.

Other of the subtenants testified to having rented portions of the building from Sullivan or Miss Hughes for the landlord, and that Lancaster, the claimant, was renting and occupying only a small portion of the space in the rear of the building.

The agent for landlord testified that claimant "paid all his part of his rent for the back part of" the building; had no other parts of the building rented, nor occupied other rooms than the small space in the "back part" of the building, used for making his ice cream.

In Howell v. Roll, 169 Ala. 512, 53 So. 911, there was a re-renting of the entire space in the original tenant's name, and not a release from or cancellation of the original contract. The original tenant was entitled to credit for sums paid by the subsequent tenant on the original contract of letting of the premises.

The relation between the lessor and an undertenant is not that with a privity of estate or contract, and for this reason it has been held that the lessor cannot sue the undertenant *upon the lessee's covenant* to pay rent, unless the undertenant has assumed the lease. However, crops raised by the derivative lessee are subject to the rental contract between the landlord and tenant, "at least to the extent of his liability under his contract for holding over"; and the property of subtenant may be levied upon within the provisions of the statute. Section 8814, Code; Plunkett v. Dendy, 197 Ala. 262, 72 So. 525, Mooneyham v. Herring, 204 Ala. 332, 85 So. 390; Bain v. Wells, 107 Ala. 562, 571, 19 So. 774; Robinson v. Lehman, 72 Ala. 401; Moberly v. Peek, 67 Ala. 345; Simmons v. Fielder, 46 Ala. 304.

It follows from the statute and construction thereof that the landlord has no lien on the property of the subtenant for rent to accrue against the tenant in chief beyond the term for which the subtenant bound himself, or beyond the amount of the reasonable rental due by and from the occupancy on the part of the subtenant.

The case should be retried as to the rights of the claimant, his liability for the rent or reasonable use and occupation, and subjection of his property therefor. That is to say, on this evidence, the judgment should have been for claimant for his property.

The evidence indicated what belonged to Lancaster and what were the properties of Sullivan. If, however, Lancaster acquired any part of the property from Sullivan that was sheltered and subjected to lien by contract and the law against the tenant in chief and his properties, such property as so purchased was liable to the attachment.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.